Filed 3/8/22  P. v. Hulbert CA2/5
Opinion following transfer from Supreme Court
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B305259 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA067335) |
| v. | |
| REUEL HULBERT, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Jesus I. Rodriguez, Judge.  Affirmed.

Boyce & Schaefer and Robert E. Boyce, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Charles S. Lee, Paul

S. Thies and Amanda V. Lopez, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In 2020, defendant and appellant Reuel Hulbert appealed from the trial court's postjudgment order denying his petition for vacatur of his convictions for murder and attempted murder and resentencing pursuant to Penal Code section 1170.95[1] and Senate Bill No. 1437 (Senate Bill 1437). We affirmed the trial court's order.

Subsequently, our Supreme Court granted Hulbert's petition for review. On December 29, 2021, the Supreme Court transferred the matter back to this court, with directions to vacate our decision and reconsider the cause in light of Senate Bill No. 775 (Stats. 2021, ch. 551, §§ 1–2) (Senate Bill 775), which became effective on January 1, 2022.

We vacated our July 13, 2021 opinion, and now issue this opinion. We again affirm the trial court's order.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

# PROCEDURAL HISTORY[2]

## *Convictions and Sentencing*

The jury found Hulbert guilty of the attempted murder of Shannon Cole (§§ 664, 187, subd. (a) [count 5]), and found true the allegation that Hulbert caused great bodily injury to Cole by personally discharging a handgun (§ 12022.53, subd.(d)). The jury also found Hulbert guilty of the first degree murders of Daniel Chantha (count 8), Woodtee Bunthung (count 10), and Sakorn Phan (count 11). (§ 187, subd. (a).) It found true the allegations that Hulbert personally discharged a handgun causing the deaths in counts 8, 10, and 11 (§ 12022.53, subd. (d)), and found true that the crimes were committed to benefit a criminal street gang (§ 186.22, subd. (b)). Hulbert was found guilty of being a felon in possession of a firearm (§ 12021, subd. (a) [count 12]), and the jury found true that the crime was committed to benefit a criminal street gang (§ 186.22, subd. (b)).

Because the three murders were alleged as special circumstances under section 190.2, subdivision (a), a separate penalty phase trial was held in which the jury fixed the penalty at life without the possibility of parole. The trial court imposed sentences of life without parole for the murders, plus the 25-year enhancement for personal firearm use causing death and the 10-

---

[2] We have taken judicial notice of this court's prior unpublished opinion in *People v. Hulbert* (Jul. 29, 2010, B213895) (*Hulbert*), from which the procedural history prior to Hulbert's filing of his section 1170.95 petition is drawn. We do not set forth the facts of the crimes, as they are not necessary to resolution of the issues before us.

year gang enhancement on each. For the attempted murder, Hulbert received a consecutive term of 15 years to life, enhanced by the 25-year enhancement for personal firearm use with great bodily injury. The court imposed a concurrent middle term sentence of 2 years for the firearm possession offense with a consecutive 10-year gang enhancement.

### *Appeal*

On appeal, Hulbert argued insufficient evidence, jury tampering, and sentencing error. Another panel of this court remanded the cause for the trial court to correct various sentencing errors and to correct the abstract of judgment, but otherwise affirmed the judgment.

### *Petition for Resentencing*

On May 1, 2019, Hulbert filed a petition for vacatur of the attempted murder and murder convictions and resentencing under section 1170.95. He utilized a standardized form, and indicated that he was convicted of first or second degree murder under the felony murder doctrine or the natural and probable consequences doctrine and could not now be convicted of murder due to the changes to sections 188 and 189, effective January 1, 2019. He requested that counsel be appointed to him.

### *Trial Court's Ruling*

At a hearing on January 31, 2020, Hulbert's counsel submitted on the basis of his conversations with the prosecution.

The prosecutor stated that, based on the jury instructions and verdict forms that the prosecution submitted to the court, it was clear that Hulbert was not eligible for relief. The trial court ruled that the record of conviction, and the verdict forms in particular, established that Hulbert had failed to make a prima facie case of eligibility. The court elaborated that one of the convictions challenged was an attempted murder, and that the jury found true the personal gun use allegations with respect to all three murders pursuant to section 12022.53, subdivision (d).

Hulbert timely appealed.

## DISCUSSION[3]

Hulbert contends that this court should hold that the trial court was obligated to appoint counsel and order briefing because

---

[3] Hulbert also asserts that "[i]n light of the allegations in the petition, and the rule requiring the superior [court] to take them as true," the court should have issued an order to show cause. He cites to no authority for this proposition and makes no substantive argument to support it, so we decline to address it further. (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785 ["[w]hen an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived"].) Regardless, the amendments to section 1170.95 require issuance of an order to show cause only after the trial court has made a determination that the petitioner has made a prima facie case for relief. (§ 1170.95, subd. (c).)

he filed a facially sufficient petition that satisfied the requirements of section 1170.95, subdivision (b)(1).[4]

Preliminarily, we note that the record shows that Hulbert was represented by appointed counsel at the hearing in which the

---

[4] Section 1170.95, subdivision (b)(1), requires the petitioner to file a petition containing "(A) A declaration by the petitioner that the petitioner is eligible for relief under this section, based on all the requirements of subdivision (a).  ¶ (B) The superior court case number and year of the petitioner's conviction.  ¶ (C) Whether the petitioner requests the appointment of counsel."

Subdivision (a) provides "A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine.

"(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder.

"(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019."

6

trial court denied the petition. Hulbert cannot complain that counsel was not appointed. His only potential argument is that the trial court did not consider briefing from the parties.

The amendments to section 1170.95 effected by Senate Bill 775 require the prosecutor to file and serve a response within 60 days after service of a facially sufficient petition and permit the petitioner to file a reply 30 days after the response is served. (§ 1170.95, subd. (c).) After the parties have had an opportunity to submit briefing, the court is to hold a hearing to determine whether the petitioner has made a prima facie case for relief. (*Id*.)

Here, Hulbert submitted a facially sufficient petition, but briefing was not submitted prior to the hearing at which the trial court denied the petition. By the terms of section 1170.95, it was error for the trial court to rule without first considering briefing.

The error, however, was statutory, and is harmless if it is not reasonably probable that Hulbert would have obtained a more favorable result in the absence of error. (See *People v. Lewis* (2021) 11 Cal.5th 952, 973 [an error of state law is evaluated under the harmless error test set forth in *People v. Watson* (1956) 46 Cal.2d 818 unless it is analogous to the total deprivation of the right to counsel at trial].)

Here, the error is harmless, because the instructions given at trial reveal that Hulbert was not convicted under a theory of liability which would qualify him for relief, and is therefore ineligible for resentencing as a matter of law.[5] (See *People v. Mancilla* (2021) 67 Cal.App.5th 854, 866–867 [where the record

---

[5] We "'review the ruling, not the court's reasoning, and if the ruling was correct on any ground, we affirm.'" (*People v. Chism* (2014) 58 Cal.4th 1266, 1295, fn. 12.)

shows that petitioner was not convicted under a theory of liability affected by section 1170.95 or the amendments to section 188 and 189, the petitioner is ineligible for relief as a matter of law].)

As relevant here, amended section 1170.95, subdivision (a), affords relief to "person[s] convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, [or persons convicted of] attempted murder under the natural and probable consequences doctrine. . . ." With respect to his murder convictions, Hulbert's jury was not instructed on felony murder, the natural and probable consequences doctrine, or any theory of murder liability under which malice is imputed to him based solely on his participation in a crime. Nor was the jury instructed on the natural and probable consequences doctrine in relation to the charge of attempted murder. It is not reasonably probable that Hulbert would have obtained a more favorable result if the trial court had considered briefing prior to ruling on his petition.

## DISPOSITION

We affirm the trial court's order denying Hulbert's petition for resentencing under section 1170.95.


MOOR, J.


We concur:


BAKER, Acting P. J.


KIM, J.

9